Todd A. Bradley, OSB #77018
William A. Gaylord, OSB #73104
todd@gaylordeyerman.com
GAYLORD EYERMAN BRADLEY, P.C.
1400 S.W. Montgomery Street
Portland, Oregon 97201
(503) 222-3526 Phone
(503) 228-3628 Fax

*Of Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| JEANIE CHONG, | Civil No. 3:14-CV-00244 |
| Plaintiff, | COMPLAINT FOR DAMAGES |
| vs. | Personal Injury Action (28 USC § 1332) |
| STL INTERNATIONAL, INC., and COSTCO WHOLESALE CORPORATION, | DEMAND FOR JURY TRIAL |
| Defendants. | |

**STATEMENT OF JURISDICTION: DIVERSITY**

1. The plaintiff is an individual who at all times relevant hereto was and is a resident of the State of Oregon. Defendants STL International, Inc., and Costco Wholesale Corporation are both corporations incorporated under the laws of the State of Washington with their principal places of business in the State of Washington. The amount in controversy exceeds the sum specified in 28 USC § 1332.

Page 1 - COMPLAINT FOR DAMAGES

**PARTIES**

2. At all times, Jeanie Chong was and is a natural person residing in Washington County, State of Oregon.

3. At all times material hereto, Defendant STL International, Inc., was a Washington Corporation, engaged in the design, manufacture, and sale of exercise equipment, including inversion tables sold under the brand name Teeter Hangups and Invertalign.

4. At all times material hereto, defendant Costco Wholesale Corporation was a Washington Corporation, engaged in the business of selling consumer products, including inversion tables designed and made by defendant STL, through retail outlets in the State of Oregon, including the Beaverton Costco store in Washington County, Oregon.

**ALLEGATIONS**

5. Less than ten years before March 10, 2012, defendant STL designed and manufactured and placed into the stream of commerce an inversion table called an Invertalign 5. Defendant Costco, in turn, sold the product to the public, including the plaintiff.

6. On or about January 20, 2012, plaintiff purchased an InvertAlign 5 inversion table, designed and manufactured by defendant STL, at the Beaverton Costco.

7. On or about March 10, 2012, at her home in Washington County, Oregon, plaintiff Jeanie Chong was using the inversion table described above in a reasonably foreseeable manner, when the ankle mechanism failed to prevent her feet from slipping through, despite having been properly set according to the instructions provided with the equipment. Plaintiff fell approximately 2 feet onto her head and neck, resulting in a severe spinal cord injury at C-6 to T-1, rendering her a permanent paraplegic.

## CLAIM FOR RELIEF

8. The Invertalign 5 described above was dangerously defective and caused plaintiff's injury in one or more of the following ways:

(A) The device was designed and manufactured in such a way that it was possible for a user's feet to fall through the holding mechanism while using the device in a reasonably foreseeable way.

(B) The device was not accompanied by adequate warnings or instructions which by their location, size, color, style, graphic content, or written content were reasonably calculated to apprise a buyer or user of the product, including plaintiff, of the risks of being dropped onto her head despite having the ankle holding mechanism set according to the directions.

9. In the manufacture and design of the Invertalign 5, defendants were negligent in one or more of the following ways:

(A) The device was designed and manufactured in such a way that it was possible for a user's feet to fall through the holding mechanism while using the device in a reasonably foreseeable way;

(B) The device was not accompanied by adequate warnings or instructions which by their location, size, color, style, graphic content, or written content were reasonably calculated to apprise a buyer or user of the product, including plaintiff, of the risk of being dropped onto her head despite having the ankle holding mechanism set according to the directions.

## DAMAGES

10. As a result of the conduct of the defendants, as alleged above, Plaintiff sustained permanent neurological injury and has been rendered a permanent paraplegic, with loss of the use of her legs, loss of bowel and bladder control, involuntary muscle contractions, and future susceptibility to the numerous medical complications that may result from paraplegia, all leading to severe pain and

discomfort, emotional distress and mental suffering, and loss of mobility and enjoyment of ordinary activities of daily life, all of which injuries are permanent, to her non-economic damage in the amount of $7,000,000.

11. As a further direct result of defendants' conduct, as above alleged, plaintiff has incurred hospital, medical, and rehabilitation expenses for treatment of her neurologic injury and related problems, in an approximate amount of $250,000 to date, and will continue to incur medical and life care and rehabilitation expenses, including need for special equipment for mobility and accessibility within and outside her home, for the rest of her life, to her further economic damage in the estimated sum of $2,500,000. Plaintiff has also suffered loss of earnings and impairment of future earning ability, to her further economic damage in an amount not yet determined. Plaintiff reserves the right to amend these amounts prior to trial.

## JURY TRIAL

12. A jury trial is requested.

Wherefore, plaintiff demands judgment against the defendant in the amount of $9,750,000, for such further amounts as may be supported by the evidence, and for her costs and disbursements incurred herein.

DATED this 13th day of February, 2014.

GAYLORD EYERMAN BRADLEY, P.C.

 s/ Todd A. Bradley
Todd A. Bradley, OSB #77018
William A. Gaylord, OSB #73104
Of Attorneys for Plaintiff